# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 21-CR-238**

**KAMERON E. McKINNEY**
   **Defendant.**

## DECISION AND ORDER

The government seeks review of the magistrate judge's order releasing defendant Kameron McKinney on conditions. See 18 U.S.C. § 3145(a). For the reasons that follow, I will deny the government's request to vacate the release order.

### I. STANDARD OF REVIEW

Under 18 U.S.C. § 3145, the court conducts an independent review of a magistrate judge's bail decision. See United States v. Wilks, 15 F.4th 842, 847 (7th Cir. 2021); United States v. Portes, 786 F.2d 758, 761 (7th Cir. 1985). The district court may start from scratch and hold a new hearing or review the record of the proceedings before the magistrate judge. See United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).

The record and the parties' submissions adequately present the facts of this case, and neither side has suggested that there is additional evidence to present. I thus decline to hold a new hearing.

### II. BAIL STANDARDS

A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained, or detained. 18 U.S.C. § 3142(a). The court will

order detention only if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In making this determination, the court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance, firearm, explosive, or destructive device; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Certain offenses, including drug trafficking crimes with a maximum penalty of ten years or more and violations of 18 U.S.C. § 924(c), carry a rebuttable presumption that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e)(3).

> This places a light burden of production on the defendant, but the burden of persuasion always rests with the government and an unrebutted presumption is not, by itself, an adequate reason to order detention. United States v. Dominguez, 783 F.2d 702, 706-07 (7th Cir. 1986). Rather, the presumption is considered together with the factors listed in § 3142(g). If the government does not carry its burden to justify detention, the judge must order the defendant's release pending trial subject to the least restrictive combination of conditions that will reasonably assure his appearance and the safety of the community.

Wilks, 15 F.4th at 846-47. The government must prove danger by clear and convincing evidence, Portes, 786 F.2d at 764, and flight risk by a preponderance of the evidence, id. at 765.

### III. FACTS AND BACKGROUND

The charges in this case arise out of two incidents, one in June 2021 and the other in August 2021. (R. 1; R. 10 at 2-3; R. 11 at 3.)

On June 2, 2021, shortly before midnight, two Milwaukee police officers on bicycle patrol

approached a parked grey Infiniti, observing a man, later identified as defendant, reclined in the driver's seat, apparently asleep. They saw the imprint of what appeared to be a handgun in his pants pocket. Officers removed defendant from the car, seizing a loaded .45 caliber pistol and $345 in cash from his pockets. Defendant admitted that he was a felon and did not have a concealed carry permit. A search of the car revealed three corner cuts totaling 3.29 grams of suspected crack cocaine, a corner cut containing 2.19 grams of suspected heroin, 192 yellow pills (weighing a total of roughly 56 grams) of suspected alprazolam (Xanax), a loaded 9mm pistol, two digital scales, empty sandwich bags, and an unloaded extended magazine. (R. 10 at 2-3; R. 11 at 4.)

Defendant was charged in Milwaukee County Circuit Court with state firearm and drug possession offenses. He posted cash bond in the amount of $750 and was placed on pretrial supervision. As part of his conditions, he was ordered not to possess dangerous weapons, firearms, or controlled substances. After finding probable cause at a preliminary hearing on June 11, 2021, the court set a scheduling conference for July 22, 2021. Defendant failed to appear for the conference, and the court issued a bench warrant for his arrest. (R. 10 at 3; R. 11 at 5.)[1]

On August 18, 2021, shortly before 2 a.m., Milwaukee police officers on bicycle patrol observed defendant asleep in the same vehicle in the same general area. As the officers approached, defendant sat up, started the engine, and drove away. Shortly thereafter, he returned to the area and parked in front of a residence. Officers arrested him as he walked away from the vehicle. Inside the vehicle, officers found two corner cuts containing 19.42

---

[1] Defendant states that he overslept, missing his 8:30 a.m. Zoom hearing, after working an overnight shift. (R. 11 at 5.)

grams of suspected crack cocaine, a corner cut containing around 1 gram of suspected heroin, a digital scale, and a 9mm pistol with an extended magazine holding 22 rounds. (R. 10 at 3-4; R. 11 at 4.)

The state issued a second set of firearm and drug charges, along with felony bail jumping and fleeing counts. This time, defendant was held in state pretrial custody on cash bond he was unable to post. (R. 10 at 4; R. 11 at 5.)

On November 23, 2021, a federal grand jury returned a six-count indictment. Counts one, two, and three charge defendant with felon in possession of firearms, 18 U.S.C. § 922(g)(1), possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of firearms in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), arising out of the June 2, 2021 incident. (R. 1 at 1-3.) Counts four, five, and six charge him with felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), arising out of the August 18, 2021 incident. (R. 1 at 4-6.)

On December 2, 2021, the government obtained a writ securing defendant's appearance for an arraignment on the federal charges on December 17, 2021. (R. 3.) On December 14, 2021, the state charges were dismissed, ostensibly because of the federal indictment. (R. 4 at 6.)

On December 17, 2021, the magistrate judge arraigned defendant on the indictment, then held a detention hearing. (R. 8 at 1.) The government sought detention, noting that several of the charged counts carry a presumption of detention, that the evidence was strong, that defendant committed the August offenses while on pre-trial release for the June offenses,

4

that he had missed court in the parallel state case and in the past, and that he posed a danger to the community based on his possession of firearms and controlled substances. (R. 8 at 1; R. 11 at 6.) The defense sought release, stressing defendant's education, work history, and community ties. The defense further noted that defendant had a fairly limited prior criminal record, with no history of violence. The defense indicated that he could return to his place of employment as a barber and could reside with his grandmother on house arrest while caring for his children. (R. 8 at 2; R. 11 at 6-7.) Pre-trial services also recommended release on various conditions. (R. 4 at 6-7.)

While acknowledging that defendant's repeated arrests raised real concerns, the magistrate judge concluded that conditions could be fashioned to address the risk of flight and danger. She ordered defendant's release on various conditions, including drug testing and location monitoring at the house arrest level. (R. 8 at 2; R. 11 at 7-8.)

I subsequently stayed the release order pending further review. (R. 6.) The parties have, pursuant to my order, filed expedited briefs outlining their positions. (R. 10, 11.)

## IV. DISCUSSION

### A. Presumption

Defendant has presented sufficient evidence to meet his burden of production regarding the presumption of detention. See Dominguez, 783 F.2d at 707 ("Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3).").

5

As indicated in the defense memo and confirmed in the pre-trial services report, defendant is a life-long resident of Milwaukee, with strong family and community ties, including two young children; he is also a high school graduate with additional education at MATC and a work history. His criminal record is relatively limited, with no prior drug distribution or firearm offenses. (R. 11 at 10-11; R. 4.) "This evidence of economic and social stability, coupled with the absence of any relevant criminal record, at least suggests that defendant[] would be less likely to continue to engage in criminal activity while on pretrial release." Dominguez, 783 F.2d at 707.

Once rebutted, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." Id. I proceed to consideration of those factors.

**B.    Section 3142(g) Factors**

   **1.    Nature of the Offenses**

The government stresses the seriousness of the offenses, noting that defendant was twice caught with loaded firearms and distribution quantities of controlled substances. The government further notes that defendant faces significant penalties if convicted, including mandatory consecutive sentences totaling 10 years on the two § 924(c) counts. (R. 10 at 5.)

Defendant characterizes the offenses differently. On two occasions, police found him asleep in his car, and on conducting searches officers allegedly found firearms, street sale level amounts of controlled substances, and drug paraphernalia. The charges do not allege any violence, large amounts or extensive sales of drugs, threats, the brandishing or discharge of weapons, or the use of physical force against anyone. (R. 11 at 1, 11-12.)

6

## 2. Weight of the Evidence

The government argues that the evidence is strong. In the June incident, defendant was caught with a gun in his pocket and another gun and various controlled substances in his car. He admitted that he was a felon. In the August incident, he was found in the same car, which again contained a gun and drugs, as well as other indicia of trafficking. (R. 10 at 5.)

As the Seventh Circuit has noted, however, a defendant cannot "'rebut' the government's showing of probable cause to believe he is guilty of the crimes charged. That showing is not really at issue once the presumptions in § 3142(e) have been properly triggered; evidence probative of guilt is admitted at a detention hearing only to support or challenge the weight of the government's case against the defendant. This is only one of the factors relevant to detention." Dominguez, 783 F.2d at 706 (internal citations omitted).

## 3. Defendant's History

The government acknowledges that defendant's record is not the most serious. He was convicted of felony theft in 2014, arising out of his involvement in an abandoned burglary; misdemeanor cocaine possession on 2016; and disorderly conduct in 2017. (R. 10 at 5; R. 4 at 3-4.) However, the government argues that defendant's criminality appears to be escalating, as reflected in the instant charges. (R. 10 at 5-6.) The government further notes that the state court released him following his arrest on the June charges, but he then missed a court appearance and committed essentially the same offenses in August. Section 3142(g)(3)(B) specifically directs the court to consider whether at the time of the current offense the person was on pre-trial release for other offenses. (R. 10 at 6.) Finally, the government notes that defendant missed court appearances in a 2020 traffic matter and a 2015 drug possession

case. (R. 10 at 6; R. 4 at 4, 5.)

Defendant indicates that he is a life-long Milwaukee resident, a high school graduate, with a history of employment as a licensed barber and through temporary services. (R. 11 at 2.) He has a limited prior criminal record (with no prior drug trafficking or gun convictions) and has never served a prison term. (R. 11 at 2-3, 11.) He was able to complete two previous terms of state supervision. (R. 11 at 3, 7, 11; R. 4 at 3, 4.) He has been in a relationship for over ten years and has two young children with his partner. While the children live with their mother, defendant reports being an involved father. Aside from occasional marijuana use, he denies substance abuse issues or other treatment needs. (R. 11 at 3.) Regarding the missed court appearances, defendant notes that the hearing notice for his 2020 traffic case was "returned to sender." (R. 11 at 7.) He further notes that the missed date in July 2021 occurred when he overslept, missing a Zoom appearance. (R. 11 at 5.)

### 4. Nature and Seriousness of the Danger

The government notes that, while there is no indication that defendant engaged in specific violent conduct in this case, armed drug trafficking is inherently dangerous to the community. (R. 19 at 6.) Congress has in recognition of that danger created a presumption of detention for such offenses. See Portes, 786 F.2d at 765 ("In creating this presumption, Congress determined that the type of drug trafficking alleged in this indictment is a serious danger to the community."). The government further notes that defendant possessed particularly dangerous drugs, including heroin, fentanyl, and crack cocaine, and that he went armed, including with a 9mm pistol with an extended magazine. (R. 10 at 7.) Finally, the government indicates that the area in which police twice found defendant is known for mobile drug dealing. (R. 10 at 7.)

8

Defendant responds that the government must do more than simply show he engaged in drug trafficking in order to demonstrate by clear and convincing evidence that no conditions can reasonably assure the safety of the community. (R. 11 at 8.) "A defendant can hardly be expected, after all, to demonstrate that narcotics trafficking is not dangerous to the community." Dominguez, 783 F.2d at 706. Defendant further notes that conditions need not "guarantee" community safety and the person's appearance; "reasonable assurance" is all that is required. (R. 11 at 12, citing United States v. Orta, 760 F.2d 887, 891-92 (8th Cir. 1985).)

While this is a close case, I agree with the magistrate judge that conditions of release can be fashioned. Regarding danger, there is no indication that defendant poses a risk of violence; he may, however, present a risk of further drug trafficking activity.[2] But the magistrate judge's conditions address that risk. In addition to drug testing, which will discourage contact with those involved in drug activity, she placed defendant on house arrest, the strictest level of location monitoring, confined at his grandmother's home. As defendant notes, the record contains no indication that he possessed drugs or guns in the homes of others. (R. 11 at 12-13.) The alleged drug activity here occurred in his car, which has apparently been impounded, and under the magistrate judge's conditions defendant will not be able to leave his grandmother's home without permission. (R. 11 at 13.)

As defendant acknowledges, the repeat nature of his arrests this past summer is concerning. As he also notes, however, he has experienced the consequences of his actions, having already been detained for longer than any other time in his life. His case has also been brought to federal court, with mandatory minimum sentences possible, and likely stricter

---

[2]There is no indication that defendant's release would endanger third-party witnesses, co-conspirators, cooperators, or other specific persons. (See R. 11 at 12-13.)

9

monitoring than he faced in the state system.

Finally, with regard to risk of flight, defendant appears to lack the means to abscond, with no car or significant assets. His history of missing court dates is a concern, but he presents evidence in mitigation, noting that he missed a single Zoom court hearing in the parallel state case when he overslept and that he did not receive the hearing notice for his 2020 traffic case. His ability to complete two previous terms of state supervision shows that he does have the ability to follow rules and appear as required.

In sum, while defendant has been charged with serious crimes arising out of two separate incidents, there is no indication of violence in the instant offenses or in his history. He has a relatively limited prior record, and his education, employment record, family support, and community ties weigh in his favor.

## V. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion for detention is denied. Defendant may be released subject to the conditions set by the magistrate judge.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge